[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties have agreed as to the indebtedness, counsel fees, and the liability of the defendant, Madison Square Associates (Madison Square). The sole issue submitted to the court is the liability of the defendant McCann Real Equities (McCann), which claims it is the agent of Madison Square. CT Page 10244
The plaintiff is in the business of maintaining shopping plazas and large commercial projects. On September 20, 1993, the plaintiff entered into a "Site Maintenance Agreement" (Exhibit A) with the defendant McCann. In this agreement the defendant McCann is designed as "Owner/Agent" and its duties specified in the contract are those of "Owner/Agent." Nowhere in this agreement is there a reference to the defendant Madison Square. In the signature spaces, the designation "property manager" appears alongside the signature of the McCann designee.
The plaintiff also argues that all of its dealings were with McCann, the entity that was billed and that paid the bills. This is not unusual in the case of a property manager, representing real property owners.
Of significance is a letter dated September 30, 1993 on the McCann letterhead (Exhibit B). This document purports to "move forward with the site maintenance contract" and amplifies some terms of that item. It is signed by McCann "As agents for Madison Square Associates L.P." Though McCann argues in its brief that both Exhibits A and B were executed simultaneously, they are dated 10 days apart. This September 30 letter also changes the term of the contract from September 26, 1993 for one year to October 1, 1993, also for one year. It is also signed by the plaintiff.
The court concludes that the contract actually is contained in both documents, i.e., the letter of September 30 is to be construed as part of the contract.
From an examination of these two documents and reading them together, it is apparent that though McCann entered into Exhibit A, the designation "Owner/Agent" was not clarified by either party. However, McCann's designee signed as "property manager." Then, referring to Exhibit B, there is no question but that the agency role of McCann is stated in their affixing: "McCann Real Equities Development Company, as agents for Madison Square Associates L.P." and then a scrawled signature followed by "Leo Greco, Property Manager." The same person signed both documents for the plaintiff.
The court concludes that the plaintiff was on notice of the status of McCann and this case is governed by the same principle which pertained in the case cited by defendants' counsel, SNET v.CT Page 10245Archangelo, CV-92-0339504S:
 "[w]here sufficient information is disclosed upon the face of the contract by the agent to disclose to a reasonable person the identity of the principal, the principal and not the agent is liable." 3 Am.Jur.2d, Agency § 327 (1986) at pg. 834.
Judgement may enter in favor of the defendant McCann.
Judgement may enter for the plaintiff against the defendant Madison Square Associates L.P. in the principal sum of $15,791.90 plus interest in the amount of $7,068.85. The plaintiff is also awarded counsel fees of $5,740.00 for a total judgment of $28,600.75.
The plaintiff is also entitled to taxable costs.
Anthony V. DeMayo Judge Trial Referee